UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW MITCHELL,

       Plaintiff,

    v.                                 Civil Action 2:26-cv-144
                                       Judge Algenon L. Marbley
                                       Magistrate Judge Chelsey M. Vascura

DELAWARE COUNTY, OHIO,

       Defendant.

### ORDER and REPORT AND RECOMMENDATION

Plaintiff, Andrew Mitchell, an Ohio resident proceeding without the assistance of counsel, sues Defendant, Delaware County, Ohio, under 42 U.S.C. § 1983 for violation of his Fourteenth and Fourth Amendment rights. This matter is before the Court on Plaintiff's request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court on Plaintiff's motion for electronic filing privileges (ECF No. 2). For good cause shown, the Motion (ECF No. 2) is **GRANTED** to the extent that Plaintiff may participate in e-filing only as to this particular case and conditional on his compliance with all applicable e-filing requirements. If he has not already done so, Plaintiff is **DIRECTED** to create a PACER account, and then complete the electronic filing registration for the Southern District of Ohio, as explained at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf. Plaintiff is **REMINDED** that failure to adhere to all applicable e-filing

requirements will likely result in the revocation of permission to participate in e-filing. Plaintiff is specifically **CAUTIONED** that failure to update his email address and monitor his email account (including his "junk mail" or spam folder) for court filings may result in the Court's dismissal of the action. *Cf. Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here"). Plaintiff is further **CAUTIONED** that his electronic filing access may be revoked at any time.

Finally, this matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

2

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not

3

"suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up).

Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient

factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial

plausibility is established "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

plausibility of an inference depends on a host of considerations, including common sense and the

strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

(citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than

formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612,

614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

treatment, however, has limits; "courts should not have to guess at the nature of the claim

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v.

Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that various departments of Delaware County, Ohio, violated his due

process rights when (1) suspending his driver's license as a means of enforcing Plaintiff's child

support obligations,  and (2) when selling a tax lien on his real property. Plaintiff contends that

this conduct violates his Fourteenth Amendment due process right to notice and an opportunity

to be heard in connection with deprivation of property. Plaintiff also alleges that several

Delaware County Sheriff's deputies used excessive force when executing an arrest warrant

(issued after Plaintiff failed to appear at his arraignment for driving under a suspended license)

by threatening to shoot Plaintiff's dog, forcibly kicking open the door of Plaintiff's home, and

pointing a loaded firearm into Plaintiff's home. Plaintiff contends that this conduct violates his

4

Fourth Amendment right to be free of excessive force in the course of an arrest. Plaintiff seeks declaratory and injunctive relief as well as compensatory damages. (Compl., ECF No. 1-1.)

Plaintiff fails to state a claim against the only Defendant named in Plaintiff's Complaint—Delaware County, Ohio. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Plaintiff's allegations fail to establish an unconstitutional policy or custom on the part of Delaware County. As to his due process claims, he generally alleges that the County "impos[es] severe penalties based on grossly inaccurate and misleading notice, then systematically refus[es] all avenues for correction or review." (Compl. ¶ 37, ECF No. 1-1.) But Plaintiff alleges no facts to support his allegations that any inadequate notices he received, from two different County departments, were caused by a County custom or policy (as opposed to the misconduct of an

individual). That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive").

As to his excessive force claim, Plaintiff attempts to establish a County policy or custom by alleging that, "[s]ubsequently, the Delaware County Sheriff reviewed and expressly ratified the deputies' conduct as compliant with County policy." (*Id*. at ¶ 18.) But a single instance of after-the-fact ratification cannot establish municipal liability. *See Guptill v. City of Chattanooga, Tenn.*, 160 F.4th 768, 783 (6th Cir. 2025) (finding that the plaintiff "neither asserts nor shows that [the municipal decisionmaker] authorized [the municipal employee's] conduct" and that "'single-act' scenarios that point to a policymaker's '*post hoc*' actions following an act of alleged malfeasance are not typically enough to show that the policymaker was the moving force behind a plaintiff's injury."); *Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) ("[The municipal decisionmaker's] after-the-fact approval of the investigation, which did not itself cause or continue a harm against [the plaintiff], was insufficient to establish the *Monell* claim.").

Accordingly, Plaintiff fails to state a claim against Delaware County, the only named Defendant, and his Complaint must be dismissed.

### III.    DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) and motion for electronic filing privileges (ECF No. 2) are **GRANTED**. It is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

6

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**IT IS SO ORDERED**.


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE